# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINO PAUL PIETRO,<br><br>    Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Criminal Case No. 14-cr-1623 DMS<br>Civil Case No. 16-cv-2065 DMS<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255** |

  Pending before the Court is Petitioner Gino Paul Pietro's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255. Respondent United States of America filed an opposition to the motion, and Petitioner filed a reply. For the reasons set out below, the motion is denied.

## I.
## BACKGROUND

  On June 10, 2014, an information was filed, charging Petitioner with one count of wire fraud, in violation of 18 U.S.C. § 1343. On the same day, Petitioner pleaded guilty to one count of wire fraud. On July 24, 2015, the Court sentenced Petitioner to a total of 10 months, consisting of 6 months to run consecutive to the sentence imposed by the United States District Court for the Central District of California ("CDCA") in case number 14CR0019-AG and 4 months to run concurrent. Subsequently, on July 31, 2015, the Court issued a judgment. On

1 August 15, 2016, Petitioner filed the present motion.

2 In the motion, Petitioner argues he received ineffective assistance of counsel in violation of the Sixth Amendment because his trial counsel: (1) failed to advocate on his behalf, (2) forced him to plead guilty, (3) misinformed him that his sentence would run concurrent to the sentence imposed by the CDCA, (4) failed to discuss the plea agreement with Petitioner, (5) failed to assure there was an adequate factual basis for his guilty plea, and (6) had an actual conflict of interest.[1]

## II.
## LEGAL STANDARD

A prisoner in custody may move the federal court that imposed a sentence upon him to vacate, set aside, or correct that sentence on the ground that:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]

28. U.S.C. § 2255(a).  If the court determines that relief is warranted under § 2255, it must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id*. at § 2255(b).

## III.
## DISCUSSION

**A.    Timeliness of the Motion**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a

---

[1] Petitioner raises other arguments in support of his motion.  Petitioner, however, waived "to the full extent of the law, any right to collaterally attack the conviction and/or sentence, except for a post-conviction collateral attack based on a claim of ineffective assistance of counsel." (Opp'n to Mot., Ex. I.)  Accordingly, to the extent Petitioner's claims do not pertain to ineffective assistance of counsel, the Court declines to address them.

1  one-year statute of limitations for a federal prisoner to file a motion to vacate, set
2  aside, or correct a sentence pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f).
3  The one-year limitations period generally begins to run on "the date on which the
4  judgment of conviction becomes final[.]" *Id.* at § 2255(f)(1). For purposes of a
5  § 2255 motion, a judgment becomes final and the limitations period begins to run
6  "upon the expiration of the time during which [he or] she could have sought review
7  by direct appeal." *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001).

8  Respondent contends Petitioner's motion is untimely. Respondent argues a
9  minute entry was made on the docket on July 24, 2015, stating that Petitioner had
10 been sentenced to 10 months in custody. Therefore, Respondent contends
11 Petitioner's judgment became final on August 7, 2015, 14 days after the issuance of
12 the minute entry, and Petitioner had one year from that date to file a timely motion.
13 The Court disagrees. The minute entry was simply the memorialization of the
14 sentencing and does not constitute a judgment of conviction. Indeed, the Federal
15 Rule of Criminal Procedure 32 states "[in] the judgment of conviction, the court
16 must set forth the plea, the jury verdict or the court's findings, the adjudication, and
17 the sentence…. The judge must sign the judgment, and the clerk must enter it." Fed.
18 R. Crim. P. 32(k)(1). Although the minute entry contains Petitioner's sentence, it
19 lacks the judge's signature, and therefore, cannot constitute a judgment. The
20 judgment was entered on July 31, 2015.[2] Petitioner's conviction became final, and
21 the one-year limitations period under AEDPA began to run on August 14, 2015, 14
22 days after the entry of judgment. Therefore, Petitioner had until August 14, 2016 to
23 timely file a § 2255 motion, which he timely filed on August 9, 2016. Accordingly,

---

[2] The judgment imposed a sentence, but left the amount of restitution to be determined. Therefore, although an amended judgment was filed on August 4, 2015, "the one-year statute of limitations to file a § 2255 motion did not restart when the specific amount of restitution is later entered" in the amended judgment. *United States v. Gilbert*, 807 F.3d 1197, 1201 (9th Cir. 2015).

Petitioner's motion is timely.

## B.     Ineffective Assistance of Counsel

To prevail on a claim for ineffective assistance of counsel, a petitioner must demonstrate that (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 688–93 (1984). Under the deficient performance prong, a petitioner must show that counsel's representation fell below an "objective standard of reasonableness." *Id.* at 688. There is a "strong presumption that counsel's conduct falls within the wide range of professional assistance." *Id.* at 689. Under the prejudice prong, a petitioner must "show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "Because failure to meet either prong is fatal to [a petitioner's] claim, there is no requirement that [courts] 'address both components of the inquiry if the defendant makes an insufficient showing on one.'" *Gonzalez v. Wong*, 667 F.3d 965, 987 (9th Cir. 2011) (quoting *Strickland*, 466 U.S. at 697).

As to claim one, Petitioner argues counsel was ineffective because he failed to advocate on Petitioner's behalf when he refused to move to continue the change of plea hearing in the CDCA case. Petitioner, who was an attorney representing several defendants in the Southern District of California ("SDCA"), asked counsel to continue the hearing so that he can withdraw as counsel of record and assist his clients in obtaining new counsel. Petitioner contends counsel refused and "[b]ecause of [counsel's] neglect and deficient representation, [Petitioner] could not cooperate and faced significant increased sentencing in the Central District…. he placed in jeopardy the Central District plea agreement." (Mot. at 8.) Petitioner, however, does not explain how counsel's conduct in the CDCA case is relevant to Petitioner's sentence imposed by this Court. Moreover, Petitioner does not explain how counsel's conduct amounted to deficient performance, and how such conduct resulted in prejudice. Therefore, this claim is denied.

1   Next, as to claim two, Petitioner contends counsel rendered ineffective
2 assistance by forcing him to plead guilty. The only evidence in support of
3 Petitioner's claim is his own self-serving testimony. Petitioner alleges counsel "told
4 [him] that he should plead guilty and … [counsel] argued that [Petitioner] should
5 plead guilty [in part] because the government could make a case against the
6 movant[.]" (Mot. at 10.) As a result, Plaintiff contends counsel "waived, without
7 discussion, [Petitioner's] Sixth Amendment rights[.]" (*Id.* at 18.) However,
8 Petitioner's allegations indicate counsel recommended, rather than forced, Petitioner
9 to plead guilty. The Ninth Circuit has held that it was not coercive when an attorney
10 "frankly stated [to his client] that he did not have 'a leg to stand on' and should enter
11 a plea of guilty." *United States v. Crank*, 438 F.2d 635, 637 (9th Cir. 1971). In any
12 event, counsel's sworn declaration indicates he did not pressure Petitioner into
13 pleading guilty. According to the declaration, counsel informed Petitioner that "he
14 needed to make a decision regarding whether he would agree to plead guilty."
15 (Opp'n to Mot., Ex. N.) Counsel also attests he "told [Petitioner] that it was his
16 decision [to plead guilty], and that [counsel] would support him either way."
17 Subsequently, Petitioner informed counsel that "he would agree to plead guilty[.]"
18 (*Id.*) Moreover, in the written plea agreement, Petitioner certified that his plea was
19 knowing and voluntary. Indeed, Petitioner acknowledged that he pleaded guilty
20 "because in truth and in fact [he] is guilty and for no other reason." (*Id.*, Ex. I.)
21 Furthermore, at the change of plea hearing, Petitioner confirmed that no one has
22 "forced or threatened [him] into pleading guilty or signing the plea agreement[,]"
23 and he "plead[ed] guilty … because, in truth and in fact, [he is] guilty and for no
24 other reason." (*Id.*, Ex. J.) Accordingly, the Magistrate Judge found Petitioner's
25 guilty plea was knowing and voluntary. There is a "strong presumption" of
26 truthfulness afforded to "solemn declarations made in open court." *Chizen v.*
27 *Hunter*, 809 F.2d 560, 562 (9th Cir. 1986). Because counsel's declaration and the
28 record plainly contradict Plaintiff's allegations, this claim is denied. *See Doe v.*

1  *Woodford*, 508 F.3d 563, 572 (9th Cir. 2007) ("We have no doubt that the decision
2  to plead guilty is a difficult one for many defendants, but the fact that one struggles
3  with the decision, and might later even come to regret it, does not render it
4  coerced.").

5  As to claim three, Petitioner argues counsel was ineffective by misinforming
6  him that his sentence would run concurrent to the sentenced imposed in the CDCA
7  case.  Specifically, Petitioner alleges counsel stated "if [Petitioner] signed the plea
8  agreement, the sentence in the Southern District would run concurrently.  [Counsel]
9  never said or suggested in any way that the concurrent sentencing agreement was a
10 'recommendation' to be made and therefor [sic] up to the Judge's discretion." (Mot.
11 at 10.)  Contrary to Petitioner's allegations, counsel's sworn declaration provides the
12 following:

> Mr. Pietro, an experienced attorney who had represented clients in federal criminal cases, was well aware that the federal guidelines do not bind the District Court judge, and that any plea agreement with the United States Attorney involving downward departures in the guidelines are not binding on the sentencing judge. We discussed this, and I pointed out that the sentencing judge normally gives considerable weight to the sentencing recommendations of the United States Attorney….
>
> I pointed out the exposure Mr. Pietro had by pleading guilty to one count of wire fraud was a level 13 (page 10 of the plea agreement) which equated to a 12 to 18 month prison guideline sentence, but that AUSA Melendres was recommending that any prison sentence imposed in this case run *concurrent* with the sentence to be imposed in the [CDCA case].
>
> I reminded Mr. Pietro, however, that the sentencing judge was not bound by the plea agreement, and the plea agreement language makes that very clear….

27 (Opp'n to Mot., Ex. N) (italics in original).
28       The written plea agreement also indicates counsel has properly discussed with

– 6 –                                                    14-cr-1623

1  Petitioner that "the recommendation made by the Government is not binding on the
2  Court, and it is uncertain at this time what defendant's sentence will be." (Opp'n to
3  Mot., Ex. I.) Defendant signed the plea agreement, certifying that he "has discussed
4  the terms of this agreement with defense counsel and fully understands its meaning
5  and effect." (*Id.*) Moreover, the record also indicates Petitioner understood the
6  concurrent time was a recommendation. At the change of plea hearing, Petitioner
7  informed the Magistrate Judge he reviewed the plea agreement very carefully,
8  discussed with counsel, and understood all the terms and conditions in the plea
9  agreement. At the sentencing, counsel testified that "Mr. Pietro pled guilty with full
10 knowledge that recommendation was a recommendation, it was not binding on this
11 Court." (*Id.*, Ex. K.) Petitioner also testified "I was told, your honor, that the
12 recommendation would be concurrent." (*Id.*) Accordingly, because Petitioner's
13 claim is without merit, it is denied.[3]

14 As to claim four, Petitioner argues counsel rendered ineffective assistance
15 because he "never met with or discussed the plea with [Petitioner] before pleading
16 guilty on the 10th of June." (Mot. at 13.) Plaintiff's claim is again contradicted by
17 counsel's sworn declaration and the record. The declaration provides counsel
18 discussed the plea agreement with Petitioner on the phone on June 6, 2014 and in
19 person on June 10, 2014, and Petitioner did not have any questions regarding its
20 contents. Moreover, in the written plea agreement, Petitioner attested he "has
21 discussed the terms of this agreement with defense counsel and fully understands its
22 meaning and effect." (Opp'n to Mot., Ex. I.) At the change of plea hearing,
23 Petitioner also confirmed that before he signed and initialed the plea agreement, he
24 reviewed it very carefully and discussed it with his attorney. *See Blackledge v.*

---

[3] Petitioner also appears to contend counsel rendered ineffective assistance by failing to advise the Magistrate Judge and this Court of the concurrent sentencing agreement at the change of plea hearing and sentencing. The Court, however, denies this claim because, as explained in the Order, the concurrent time was a recommendation.

*Allison*, 431 U.S. 63, 74 (1977) (emphasizing that representations made during a change of plea hearing "constitute a formidable barrier in any subsequent collateral proceedings"). Counsel also confirmed that he had reviewed the plea agreement with Petitioner. Because the counsel's declaration and the record plainly contradict Plaintiff's allegations, this claim is denied.

As to claim five, Petitioner appears to argue his counsel was ineffective because the factual basis for his guilty plea was "not truthful and were fabrications required to establish federal jurisdiction in order to create a federal crime from which the movant could plead guilty." (Mot. at 93.) Counsel's sworn declaration, however, shows that Petitioner admitted the factual basis in the plea agreement was true. Counsel "specifically told Mr. Pietro to review the factual statement … I told him that if he believed there was any fact that was clearly not correct, to let me know and I would speak with AUSA Melendres regarding amending that portion of the factual statement." (Opp'n to Mot., Ex. N.) Petitioner did not "express concern about any part of the plea agreement… He told me he had no questions regarding its contents." (*Id.*) Moreover, in the written plea agreement, Petitioner attested "I swear, under penalty of perjury that the facts in the 'factual basis' section above are true." (*Id.*, Ex. I.) At the change of plea hearing, Petitioner confirmed he reviewed the factual basis section with counsel and the factual basis "truthfully and accurately describe[d his] conduct and behavior in this scheme[.]" (*Id.*, Ex. J.) Furthermore, at sentencing, Petitioner had an opportunity to address the Court regarding the factual basis section. In fact, when the Court asked Petitioner whether there was any dispute about the factual basis, Petitioner merely stated he was responsible and did not raise any objections. Accordingly, this claim is denied.[4]

---

[4] Petitioner also argues in his reply brief that he cannot be guilty of wire fraud, because "there were no 'use of the wires' in interstate commerce in furtherance of any scheme to defraud." (Reply to Opp'n to Mot. at 17.) However, as explained previously, Petitioner is barred from raising this argument pursuant to the plea

The final claim is that Petitioner was denied effective assistance because of counsel's actual conflict of interest. Petitioner's allegations, however, are unclear and convoluted. Petitioner appears to argue counsel sought to advance his financial interests with Global Solutions, a marketing company, and George Jaramillo, the founder of Global Solutions, by having Petitioner plead guilty so that Norman Quintero, who was involved in a scheme with Petitioner, was no longer part of the investigation. To prove an ineffective assistance of counsel claim premised on a conflict of interest, "a petitioner must 'establish that an actual conflict of interest adversely affected his lawyer's performance.'" *Washington v. Lampert*, 422 F.3d 864, 872 (9th Cir. 2005) (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980)). A defendant must "prove an actual conflict 'through a factual showing on the record.'" *Id.* (quoting *Morris v. California*, 966 F.2d 448, 455 (9th Cir. 1991)). Petitioner, however, presents no evidence to support his claim. In fact, his claim is directly rebutted by counsel in his sworn declaration. In any event, even if Petitioner were to show that counsel actively represented conflicting interests, he fails to show how such conflict of interest adversely affected counsel's performance. Accordingly, this claim is denied.

## IV.
## CONCLUSION

For the foregoing reasons, the Court denies Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255.[5] The Court also denies a certificate of appealability because petitioner has not made "a substantial showing of a denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

---

agreement. Moreover, Petitioner has already pleaded guilty to one count of wire fraud and admitted in the plea agreement that he "has committed each of the elements of the crime[.]" (Opp'n to Mot., Ex. I.) Therefore, the Court declines to address this argument.

[5] Petitioner's requests for judicial notice and evidentiary hearing are denied as moot.

1 | The Clerk is directed to close the associated civil case.

2 |     **IT IS SO ORDERED.**

3 | Dated:  March 24, 2017

Hon. Dana M. Sabraw
United States District Judge